UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DOUGLAS MARSHALL JACKSON,
FDOC Inmate No. 823916,
    Plaintiff,

vs.                                        Case No.: 3:21cv732/MCR/EMT

MARK INCH, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff Douglas Marshall Jackson (Jackson) is an inmate of the Florida Department of Corrections (FDOC) who has been litigating cases in this court for nearly thirty years. On July 29, 2009, Senior District Judge Maurice M. Paul dismissed one of Jackson's cases as malicious, under 28 U.S.C. § 1915(e)(2)(B)(i), and imposed the following sanctions upon Jackson:

> Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Plaintiff must pay a monetary sanction of $100. Until Plaintiff has paid his total debt of $450 in this case, the Clerk is directed to not accept any further filings from Plaintiff, with the following exceptions: (1) Plaintiff may file papers if ordered to do so by the Court; (2) Plaintiff may file responsive pleadings in any case in which he is a defendant; and (3) Plaintiff may file any paper in support of a claim for relief from an imminent danger of serious physical injury. **For so long as Plaintiff is incarcerated, any complaint filed by Plaintiff must be filed under Plaintiff's legal name and must include the following statement on the front page: "Pursuant to 28 U.S.C. § 1915(g), this plaintiff is barred from bringing a claim without prepayment of the filing fee**

**absent imminent danger of serious physical injury. <u>See</u> Case No. 4:08-cv-417-MP-WCS."**

*Jackson v. Greene, et al.*, 4:08cv417/MMP/WCS, Order, ECF No. 48 (N.D. Fla. July 29, 2009) (emphasis in original).[1] The docket in Case No. 4:08cv417/MMP/WCS reflects that Jackson paid the $350.00 filing fee in that case on May 4, 2017, but as of today's date, he has not paid the $100 sanction. He thus has not paid his total debt in that case.

After Judge Paul issued the sanctions order, Jackson disappeared from this court's litigation scene for over ten years, but he reappeared last year. In October

---

[1] Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). However, "the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process. The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (per curiam) (en banc). "In order to fulfill these safeguards, a party is entitled to an opportunity to be heard as to the propriety of taking judicial notice." *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1205 (11th Cir. 2004) (quotation marks omitted and alteration adopted). Rule 201 does not require courts to warn parties before taking judicial notice of some fact, but, upon the party's request, it does require an opportunity to be heard after the court takes notice. Fed. R. Evid. 201(e).

Jackson is hereby advised that if he disputes the accuracy of the facts taken from the court's electronic docket, or if he otherwise wishes to be heard on the propriety of the court's taking judicial notice of those facts, he must do so in an objection to this Report and Recommendation. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–53 (11th Cir. 2020) (district court properly took judicial notice where petitioner had opportunity to object to report and recommendation after magistrate judge took judicial notice of dates from petitioner's state court dockets, but petitioner did not ask to be heard, dispute accuracy of judicially noticed facts, or indicate he lacked the ability to dispute state court dockets).

Case No.: 3:21cv732/MCR/EMT

2020, Jackson filed a complaint against the FDOC and several FDOC officials asserting violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA). *See Jackson v. Fla. Dep't of Corr.*, No. 3:20cv5882/LAC/HTC, Complaint, ECF No. 1 (N.D. Fla. Oct. 16, 2020). Jackson did not include the statement required by Judge Paul's sanctions order on the first page, or any page, of the complaint. Jackson did not pay the filing fee. And Jackson's complaint did not include allegations which plausibly suggested he was in imminent danger of serious physical injury. On December 29, 2020, the court dismissed Jackson's complaint without prejudice as frivolous, malicious, and for failing to state a claim. *See id.*, *Order*, ECF No. 19 (N.D. Fla. Dec. 29, 2020).

Undeterred, on January 14, 2021, Jackson filed another complaint against the FDOC and Secretary Inch, again asserting claims under RLUIPA and also asserting claims under the First, Fifth, Eighth, and Fourteenth Amendments, and several federal criminal statutes. *See Jackson v. Fla. Dep't of Corr.*, No. 3:21cv132/MCR/HTC, Complaint, ECF No. 1 (N.D. Fla. Jan. 20, 2021). Again, Jackson failed to include the statement required by Judge Paul's sanctions order anywhere in the complaint. Again, Jackson did not pay the filing fee. And again, Jackson's complaint did not include plausible allegations that he was in imminent danger of serious physical injury. On March 29, 2021, the court dismissed

Jackson's complaint without prejudice as frivolous, malicious, and for failing to state a claim. *See id.*, *Order*, ECF No. 23 (N.D. Fla. Mar. 29, 2021).

Still undeterred, on April 30, 2021, Jackson filed his complaint in the instant case (ECF No. 1). Jackson sues FDOC Secretary Inch and three prison officials at Okaloosa Correctional Institution, claiming that their refusal to recognize Afrocentric Bayith Yahweh Yahdaim African Hebrews (ABYYAH) as a religion and grant his "70-court Religious Rights" request for accommodation violates RLUIPA, the First, Fifth, and Fourteenth Amendments, and federal criminal statutes (*see id.*). Jackson did not include the statement required by Judge Paul's sanctions order on any page of the complaint, and the complaint is devoid of any allegation that he was in imminent danger of serious physical injury when he filed his complaint or any time thereafter. Additionally, Jackson did not pay the filing fee and instead filed a motion to proceed in forma pauperis (IFP) contemporaneously with his complaint (*see* ECF No. 2). Pursuant to Judge Paul's order, the Clerk should not have accepted Jackson's complaint; however, the docketing clerk was apparently unaware of the order, as was the undersigned. The undersigned denied Jackson's IFP motion because he had sufficient funds in his inmate account to pay the $402 filing fee (*see* ECF No. 6). Jackson paid the fee on August 10, 2021 (*see* ECF No. 15).

The undersigned then undertook the process of screening Jackson's complaint, as required by 28 U.S.C. § 1915A.  The undersigned noted that Jackson did not answer any questions in the Previous Lawsuits section of the complaint form and instead marked "N/A" throughout the section and wrote, "only apply [sic] to cases in which IFP is sought" (*see* ECF No. 1 at 4–6).  The undersigned researched Jackson's litigation history and learned of Judge Paul's sanctions order.

Jackson's complaint should be dismissed without prejudice as malicious, pursuant to § 1915A(b)(1), because he deliberately sought to hide his litigation history.  An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury; as such a complaint is an abuse of the judicial process.  *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also, e.g.*, *Burrell v. Warden*, No. 20-14304, 2021 WL 3745331, at *2 (11th Cir. Aug. 25, 2021) (Mem) (district court did not abuse its discretion by dismissing prisoner's complaint without prejudice as malicious where prisoner failed to identify two non-habeas federal actions he had filed related to his imprisonment); *Sears v. Haas*, 509

F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (dismissal of action without prejudice as malicious for abuse of judicial process warranted where prisoner failed to disclose case he filed against prison officials just five months earlier and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in district court while a prisoner constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action because prisoner's misrepresentation was not excused by explanation that he misunderstood the complaint form on which he represented, under penalty of perjury, that he had not filed any prior lawsuits with similar facts or otherwise relating to his imprisonment or conditions of confinement); *Shelton v. Rohrs*, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to disclose four previous civil actions; even if prisoner did not have access to his legal materials, he would have known that he had filed multiple previous lawsuits); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as sanction for providing false answers to unambiguous questions on complaint form regarding prior lawsuits not an abuse of

discretion, even though inmate conceded in objections to magistrate judge's report and recommendation that his disclosures were incomplete; to allow inmate to continue with suit would have served to overlook his abuse of judicial process).

In general, a dismissal without prejudice does not amount to an abuse of discretion. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. *See Kotzen v. Levine*, 678 F.2d 140 (11th Cir. 1982).

Jackson knew, by virtue of Judge Paul's sanctions order, that he was required to immediately disclose that he was barred from bringing this lawsuit without prepayment of the filing fee. Not only did Jackson fail to disclose this fact, but he also refused to complete the litigation history section of the complaint form and his stated reason for refusing to do so was knowingly baseless—Jackson asserted he was not required to complete that section because it "only apply [sic] to cases in which IFP is sought" (*see* ECF No. 1 at 4–6), yet Jackson contemporaneously filed an IFP motion.

If Jackson suffered no penalty for his deliberate attempt to mislead the court, there would be little or no disincentive for him to repeat his abusive conduct.

Therefore, this court should not allow Jackson's deliberately misleading conduct to go unpunished. The undersigned recommends that an appropriate sanction for Jackson's abuse of the judicial process is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper).

Accordingly, it respectfully **RECOMMENDED**:

1. That this case be **DISMISSED WITHOUT PREJUDICE** as malicious for Plaintiff's abuse of the judicial process, pursuant to 28 U.S.C. § 1915A(b)(1).

2. That all pending motion be **DENIED** as moot.

3. That the clerk of court be directed to enter judgment accordingly and close this case.

4. That the clerk additionally be directed to forward all future filings from Plaintiff to the chief magistrate judge for determination of whether the requirements of Judge Paul's sanctions order are satisfied.

At Pensacola, Florida this 22nd day of September 2021.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**